924 F.2d 798
 24 Collier Bankr.Cas.2d 1194, Bankr. L. Rep. P 73,815
In re Hugh Kennedy EDWARDS and Gloria May Edwards.
STATE BANK OF TOWNER, Appellee,
v.
Hugh Kennedy EDWARDS and Gloria May Edwards, Appellants.
In re Hugh Kennedy EDWARDS and Gloria May Edwards.
STATE BANK OF TOWNER, Appellant,
v.
Hugh Kennedy EDWARDS and Gloria May Edwards, Appellees.
 Nos. 90-5166, 90-5203.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 13, 1990.
Decided Feb. 4, 1991.
 
 Kenneth Horner, Bismarck, N.D., for appellants.
 Richard Olson, Minot, N.D., for appellee.
 Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 LAY, Chief Judge.
 
 
 1
 Hugh and Gloria Edwards filed a reorganization plan under chapter twelve, 11 U.S.C. Sec. 1221 (1989). The State Bank of Towner objected to the property valuation claiming it was too low and that the Edwards were ineligible under chapter twelve. The parties settled, agreeing that (1) the property should be valued at $93,101.00, (2) the bank would drop its objections, (3) Hugh Edwards's mother, Louise Edwards, would pay the bank $15,000, and (4) Louise Edwards would take the bank's mortgage. The Edwards's attorney, Max Rosenberg, and the bank's attorney signed a stipulation terminating the valuation adversary proceeding and containing the Edwards's valuation figure. The stipulation did not mention the $15,000 buy-out agreement which the parties intended to sign later. The bankruptcy court accepted the stipulation. The Edwards then fired Rosenberg, refused to pay the bank, and insisted that the valuation be accepted. The bank filed a motion to set aside the stipulation arguing that it was ineffective until the Edwards paid the bank $15,000. The Edwards argued that the payment was conditional on plan confirmation. The bankruptcy court refused to set aside the valuation because the stipulation was silent about any unperformed conditions. The bankruptcy court held that the bank was estopped from disavowing the signed stipulation and then confirmed the plan.
 
 
 2
 The bank appealed to the district court arguing that the bankruptcy court erred in not enforcing the settlement agreement and that the Edwards did not meet the statutory definition of "family farmers." The district court found that the Edwards were family farmers as defined by 11 U.S.C. Sec. 101(17)(A) (1989).[1] The district court remanded the case back to the bankruptcy court for a hearing on the property valuation because the parties had not reached an enforceable agreement. The district court found that the Edwards's actions in dealing with the bank gave an appearance of "legalized cheating." Mem. op. at 7. The Edwards appeal arguing that the bank waived its right to attack the stipulation.[2] The bank cross appeals claiming the Edwards are ineligible to file under chapter twelve.[3]
 
 
 3
 We agree with the district court that the Edwards are family farmers as defined by section 101(17)(A). The bankruptcy court's factual finding on this issue is not clearly erroneous. Kubicik v. Apex Oil Co., 884 F.2d 343, 348 (8th Cir.1989). There was evidence that the Edwards had a significant role in the crop production taking place on their rented land. In re Easton, 883 F.2d 630, 636 (8th Cir.1989).[4]
 
 
 4
 The bankruptcy court concluded that by signing the valuation stipulation first, the bank waived its right to have the Edwards sign the buy-out agreement. We uphold the district court's determination that the bankruptcy court erred in this conclusion.
 
 
 5
 The bankruptcy court failed to consider that the buy-out agreement was not a condition precedent that could be legally waived but was instead the consideration for the bank's agreement to the valuation. The parties bargained for the exchange and the two attorneys arrived at a meeting of the minds on behalf of the parties. Thereafter the Edwards refused to sign the buy-out agreement because they wanted to condition the agreement on plan confirmation. Once a plan had been confirmed, however, the Edwards still refused to complete their bargain. They now assert that they also had other conditions in mind for the buy-out agreement, for example, that they would receive a lengthy low-rate mortgage from FmHA.
 
 
 6
 We agree with the district court that it would be grossly unfair to enforce the stipulation against the bank without the Edwards paying the agreed upon $15,000 consideration. This was the sole reason the bank agreed to the lower valuation. The record is devoid of any evidence that the bank knowingly waived its right to the $15,000 or in any way voluntarily extinguished a known right. We agree with the district court that the bankruptcy court must hold a hearing on the valuation challenge and may have to withdraw the confirmed plan depending on the outcome.[5]
 
 
 7
 Judgment affirmed.
 
 
 
 [1]
 Section 101(17)(A) defines a family farmer as an
 individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $1,500,000 and not less than 80 percent of whose aggregate noncontingent, liquidated debts (excluding a debt for the principal residence of such individual or such individual and spouse unless such debt arises out of a farming operation), on the date the case is filed, arise out of a farming operation owned or operated by such individual or such individual and spouse, and such individual or such individual and spouse receive from such farming operation more than 50 percent of such individual's or such individual and spouse's gross income for the taxable year preceding the taxable year in which the case concerning such individual or such individual and spouse was filed.
 11 U.S.C. Sec. 101(17)(A) (1989).
 
 
 [2]
 Although the Edwards challenge the timeliness of the bank's appeal to the district court on the issue of valuation, we find the bank properly preserved the right to challenge the overall confirmation of the plan on this basis
 
 
 [3]
 The bank also questions the appealability of the district court's remand to reconsider the valuation in the confirmation of the plan. We note that this appeal arises from the bankruptcy court's order confirming the plan and dismissing the bank's objection. The bank's challenge to the valuation essentially challenges the confirmation of the plan. If the district court erred, the order confirming the plan ends the litigation and leaves the court with nothing to do but execute the judgment. Thus the appeal involves the approval or nonapproval of the confirmation of the plan. As such we find that the debtor's appeal is from a final order. 28 U.S.C. Sec. 158(d) (1989)
 
 
 [4]
 The bank asserts that, under Easton, a mere lessor does not qualify as a family farmer under chapter 12. In the present case, however, the bankruptcy court found that the Edwards had a "significant degree of engagement in, played some significant operational role in, or had an ownership interest in the crop production which took place on the acreage they rented." Easton, 883 F.2d at 636
 
 
 [5]
 After the remand, the parties stipulated to a property valuation of $141,360, pending appeal. Under the circumstances, the Edwards will have to submit a revised plan to the bankruptcy court. Appellee's Brief at 13